SCHEB, JOHN M., Senior Judge.
Brenda Adams Wyrick (wife) appeals from a final judgment of dissolution of marriage. She contends the court erred in holding that a handwritten document that she and Robert Everett Wyrick, Jr. (husband) signed was a valid property settlement agreement. We reject her contention that the document is invalid, but we remand to the trial court to amend the final judgment to give full effect to the settlement agreement.
On September 27, 1996, the wife filed a petition for dissolution of marriage. After she and her husband had filed their financial affidavits, the wife discovered he had deposited $400,000 into a bank account solely in his name. The funds were received from sale of a corporate interest the husband previously listed as being of no value. Thereafter, the wife presented the husband with a handwritten document on February 14,1997, concerning settlement of property rights arising out of their marriage. Among other items, it required the husband to pay her $350,000 in cash. After a discussion and some modifications they signed the document which included a stipulation penned in by Mrs. Wyrick that stated: “I’m entitled to]é of any other marital property, if found.”
During the litigation the husband moved to enforce the terms of the handwritten document as their property settlement agreement. The wife objected, arguing that the document was preliminary to a more formal agreement. Further, she contended that the of any other marital property” provision was conditioned on the husband making a full disclosure of his assets and this had not occurred. When the trial judge pointed out that the provision did not indicate that the terms were conditioned upon mandatory disclosure, the wife responded, “Right. I just didn’t know how to put it in legal terms and that’s what I put to protect myself.” At the conclusion of the hearing on the husband’s motion, the court found the document was a valid property settlement agreement that had been reached freely and voluntarily, without fraud, misrepresentation, duress, coercion, or overreaching.
After a final hearing, the trial court entered a final judgment of dissolution of marriage on February 9, 1998, incorporating the terms of the agreement previously approved by the court, and retaining jurisdiction to enforce the terms of the final judgment and settlement agreement.
We have reviewed the document signed by the parties and their testimony surrounding its execution. The document refers to “property settlement” and appears to embrace the essential aspects of an equitable division of assets, debts, provisions for alimony, payment of attorneys’ fees, and other items. We have not overlooked the wife’s contention that some additional specificity may be required concerning taxes and the provisions of a trust, the latter being a relatively minor aspect of the division of the parties’ property rights. However, we reject the wife’s contention that such lack of specificity impedes enforcement of the document *916 as a property settlement agreement. Although the document signed by the parties is not an artful one, its uncertainty as to small or nonessential items does not preclude the court from finding an agreement settling property rights enforceable, where, as here, the evidence establishes that there has been a meeting of the minds as to essential elements. See Williams v. Ingram, 605 So.2d 890 (Fla. 1st DCA 1992).
The wife’s principal contention is that the husband may have substantial additional corporate interests that would constitute marital property beyond that disposed of by the final judgment. The property settlement agreement was incorporated by reference into the final judgment and the parties were ordered to abide by the terms therein. This includes the provision that the wife is entitled to of any other marital property, if found.” We interpret this provision to allow the wife to conduct such discovery as necessary to determine the existence of any marital property that has not yet been accounted for. To do otherwise would render the provision meaningless.
Accordingly, we affirm all the provisions of the final judgment of dissolution of marriage. We remand, however, with directions to the trial court to enter an amended judgment adding a provision allowing the wife a reasonable time to pursue such discovery as necessary to determine if there is additional marital property. If additional marital property is found, the trial court shall award the wife one-half thereof as stipulated in the property settlement agreement incorporated in the final judgment of dissolution.
Affirmed and remanded with instructions.
ALTENBERND, A.C.J., and NORTHCUTT, J„ concur.